**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RENE JUAREZ GUZMAN, | No. 19-73016 |
| Petitioner, | Agency No. A097-359-530 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022[**]

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Rene Juarez Guzman, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

400 F.3d 785, 791 (9th Cir. 2005).  We review de novo claims of due process violations in immigration proceedings.  *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying as untimely Juarez Guzman's motion to reopen proceedings as to cancellation of removal where it was filed more than four years after the order of removal became final and he did not establish a statutory or regulatory exception to the time limitation.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii) (an exception to the ninety-day filing deadline for motions to reopen may be established for certain asylum and withholding of removal claims); 8 C.F.R. § 1003.2(c)(2)-(3) (ninety-day filing deadline for motions to reopen does not apply in certain specified proceedings).

The BIA also did not abuse its discretion in denying as untimely Juarez Guzman's motion to reopen to apply for asylum and related relief where he did not demonstrate a material change in country conditions.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i)-(ii); 8 C.F.R. § 1003.2(c)(2)-(3); *Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010) (BIA did not abuse its discretion in denying motion to reopen where petitioner failed to submit material evidence of qualitatively different country conditions).

In light of this disposition, we need not reach Juarez Guzman's contentions as to whether he demonstrated a change in personal circumstances sufficient to

19-73016

establish an exception to the filing deadline for a motion to reopen, or as to his continuous physical presence in the United States.

We lack jurisdiction to review the BIA's decision not to reopen removal proceedings sua sponte where Juarez Guzman does not raise a colorable legal or constitutional error to invoke our jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (the court can review BIA decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error).

Juarez Guzman's claim that the BIA violated his right to due process by failing to consider all relevant evidence fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (error is required to prevail on a due process claim). The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**